■ In the Matter of LEE S. MACLEAN et al., Respondents, v GEORGE C. BARCLAY et al., Constituting the Board of Trustees of the Incorporated Village of Lloyd Harbor, Appellants. LLOYD POINT INDOOR TENNIS CLUB, INC., Intervenor-Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellant Board of Trustees of the Village of Lloyd Harbor granting to the intervenor-appellant a special use permit for the operation of a private indoor tennis club, the appeal is from a judgment of the Supreme Court, Suffolk County, entered December 12, 1974, which annulled the board's determination and denied the application of the intervenor for such permit. Judgment reversed, on the law, without costs, determination confirmed and petition dismissed on the merits. Section 5.0 of article V of the village's zoning ordinance provides that incorporated clubs are permitted in a Residence A-1 District only when authorized by the board of trustees in accordance with article IX of the ordinance, provided that 25% or more of the voting membership and 51% of the governing body of such club are resident property owners in the village, and the total membership of the club does not exceed 250 persons. Section 9.0 of article IX of the ordinance provides in pertinent part that special uses may be permitted in a Residence A-1 District when approved by the board of trustees after finding: "(a) that the proposed special use will not be detrimental to the essential character, health, safety, morals or general welfare of the community; and (b) that such proposed special use together with: (1) the location, size and topography of the parcel of land involved; (2) the nature, design, size and location of every existing and proposed building, structure, access road,

utility line and other improvement; and (3) the provisions for landscaping, screening neighboring property, major planting of trees and shrubs, and parking of vehicles, will be, both as a composite architectural scheme and as a functioning establishment, consistent with the comprehensive Master Plan of the Village in effect at the time the application for such special use is filed with the Village Clerk." The record contains sufficient evidence to establish that the use in question is permitted under the above provisions of the zoning ordinance. It is not inconsistent with the master plan, which includes among undesirable uses "recreational clubs which would be subject to business fluctuation". We construe these to be words of description and not words of limitation. The village board of trustees, after a full hearing and careful consideration, properly found the proposed use neither objectionable nor out of consonance with the law and the best interests of the village. Its determination granting the special use permit should therefore be confirmed. Martuscello, Acting P. J., Latham, Cohalan, Christ and Munder, JJ., concur.